# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CP ANCHORAGE HOTEL 2, LLC, d/b/a
ANCHORAGE HILTON,

        Plaintiff,

  v.

UNITE HERE! LOCAL 878, et al.,

        Defendants.

Case No. 3:18-cv-00071-SLG

## ORDER RE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Before the Court at Docket 42 is Plaintiff CP Anchorage Hotel 2, LLC, d/b/a Anchorage Hilton's ("Hilton") Motion for Leave to File Amended Complaint. Defendants Unite Here! and Unite Here! Local 878 ("the Unions") filed a partial opposition at Docket 45. Hilton replied at Docket 50. The Unions requested oral argument, but it was not necessary to the Court's determination.

Hilton's proposed amended complaint removes its cause of action for intentional interference with contract. The Unions do not oppose this amendment. It also includes two sets of new claims One set of claims focuses on the Unions' alleged activities with respect to the Society of Human Resource Managers (SHRM); the Unions do not oppose this amendment. The second set of claims focuses on the Unions' alleged activities with respect to Holland America; this is the portion of the proposed amended complaint that the Unions do oppose.[1]

Hilton filed its original complaint in this action on March 12, 2018. After the Court

---

[1] See Docket 42-1 (Proposed Amended Complaint) at ¶¶ 20-32, 51-52.

ruled on the motion to dismiss, Hilton filed a notice on November 27, 2018, in which it indicated that it intended to file a motion to amend Claims One and Two of the Amended Complaint within 10 court days. The Court then adopted the parties' proposed deadline to file amended pleadings of January 28, 2019.[2] That deadline was later extended to January 31, 2019.[3] The motion for leave to file the amended complaint was filed on that day.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should "freely grant leave to amend a compliant when justice so requires." "The Supreme Court in *Foman v. Davis* held that district courts should consider the following factors in deciding whether to grant leave to amend: 'In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be freely given.'"[4] "[L]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action."[5]

Here, the Court finds that leave to amend should be denied for several reasons. First, the proposed amendment as pled regarding Holland America would be futile, as

---

[2] See Docket 37 at 7 (Scheduling and Planning Conference Report) and Docket 38 at 6 (Scheduling and Planning Order).

[3] Docket 41 (Order Granting Extension of Time).

[4] *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted)).

[5] *Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir. 1986) (citing *M/V Am. Queen of San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. Unite Here! Local 878, et al.*
Order re Motion for Leave to File Amended Complaint
Page 2 of 4

the facts alleged do not plausibly constitute a violation of Section 158(b).[6] The Court finds the Unions' reasoning on this issue persuasive—running a website and social media campaigning are not the type of coercive or harassing conduct that could constitute a violation of Section 158(b).[7] And while the Court can envision specific forms of aggressive hand billing activities that could theoretically constitute a violation, the facts as pled in the proposed amended complaint regarding the Unions' activities with Holland America do not contain any such allegations. And alleging facts that "do not permit the court to infer more than the mere possibility of misconduct" is insufficient.[8]

Also, in light of the timeframe of the alleged conduct—from "September 2014 and at least through 2016"[9]—the Court finds that Hilton unduly delayed by not seeking to add this set of claims until late January 2019. Hilton provides no explanation for its delay in raising the Holland America claims. As the Unions note, Hilton did not identify these potential claims in its August 2018 filing, although the conduct it complains of is alleged to have occurred several years ago and long before the inception of this action.[10]

---

[6] 29 U.S.C. § 158(b)(4)(ii)(B) (Section 8(b)(4)(ii)(B) of the National Labor Relations Act).

[7] *See 520 S. Michigan Ave. Associates Ltd. v. UNITE HERE Local 1,* 760 F. 3d 708, 728 (7th Cir. 2014). With respect to harassment, the Seventh Circuit noted that the harassment must be "severe enough" to rise to the level of coercive behavior under Section 158(b). *Id.* at 721. *Cf.* Alaska Stat. 11.61.120 (defining conduct that constitutes the crime of Harassment in the Second Degree, a class B misdemeanor)).

[8] *Ashcroft v. Iqbal,* 556 U.S. 622, 678 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Holland America claims also appear to be futile because they appear to be barred by the applicable statute of limitations, which under Alaska law would be two years "upon a liability created by statute." *See* Alaska Stat. 09.10.070. Nor would the Holland America claims appear to relate back to the VCS claims, as they appear to be factually distinct.

[9] *See* Docket 42-1 (Proposed Amended Compliant) at 6, ¶ 24.

[10] See Docket 28 at 2 (Motion for Leave to Supplement Record) (referencing SHRM picketing first conducted in August 2018).

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. Unite Here! Local 878, et al.*
Order re Motion for Leave to File Amended Complaint
Page 3 of 4

The Court also finds that the addition of the Holland America claims at this time will also unfairly prejudice the Unions. It would necessitate a completely distinct set of discovery, for these claims appear to be completely unrelated to the other factual allegations in the pleadings. In addition, they are, as noted above, quite old, having allegedly arisen in 2014, such that the likelihood of lost evidence and faded memories is enhanced.

For the foregoing reasons, the Court finds that the policy of permitting liberal amendments of pleadings should not extend to permit the addition of the Holland America claims. Therefore, Hilton's Motion for Leave to File Amended Complaint at Docket 42 is GRANTED in part as to the deletion of Claim 3 and the addition of the SHRM set of claims, and DENIED in part as to the proposed Holland America claims.[11] Plaintiff shall file an Amended Complaint consistent with the terms of this order within 7 days.

DATED this 29th day of April, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[11] Specifically, the motion is denied as to proposed paragraphs 20 through 32, and the references to Holland America in paragraphs 51 and 52.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. Unite Here! Local 878, et al.*
Order re Motion for Leave to File Amended Complaint
Page 4 of 4