# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CP ANCHORAGE HOTEL 2, LLC, d/b/a ANCHORAGE HILTON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br><br>UNITE HERE! LOCAL 878, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-00071-SLG |

## ORDER RE MOTION FOR AN ORDER LIMITING THE SCOPE OF PENDING DEPOSITIONS, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER, AND FOR DISCOVERY SANCTIONS

Before the Court at Docket 57 is Defendant UNITE HERE! and Defendant UNITE HERE! Local 878's ("Defendants") Motion for an Order Limiting the Scope of Pending Depositions, or in the Alternative, for a Protective Order, and for Discovery Sanctions. Plaintiff CP Anchorage Hotel 2, LLC d/b/a Anchorage Hilton ("Anchorage Hilton") responded in opposition at Docket 64. Defendants replied at Docket 67. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

In the operative complaint, Plaintiff alleges that, since 2009, Defendants have staged a years-long boycott against it in response to a labor dispute.[1] Specifically, the First Amended Complaint ("FAC") summarizes Defendants' boycotting activities targeting the Veterinary Cancer Society's ("VCS") annual conference and the Alaska State Council and local Anchorage Chapter of Human Resource Managers' (together, "ASHRM") conference.[2] Plaintiff alleges that the VCS cancelled its contract to host its 2018 conference at the Anchorage Hilton as a result of a "months-long harassment campaign" by Defendants, which included unsolicited contact with members of the VCS and the keynote speaker, fraudulent representations that the program was cancelled, and a protest at a veterinary clinic.[3] Similarly, Plaintiff alleges that Defendants have "led an unlawful campaign of harassment and intimidation against the Alaska State SHRM Council . . . and the local Anchorage Chapter of Human Resource Managers" in advance of their September 2018 Alaska State HR Conference at the Anchorage Hilton.[4] Plaintiff alleges that Defendants' efforts to derail the HR Conference included email, phone,

---

[1] Docket 52 at 3, ¶ 9.

[2] Docket 52 (First Amended Complaint).

[3] Docket 52 at 3–5, ¶ 10–18.

[4] Docket 52 at 5, ¶¶ 20–22.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 2 of 12

and social media campaigns as well as protests, including at the workplaces of ASHRM board members and at an ASHRM education test preparation class.[5]

As a result of Defendants' boycotting activities aimed at VCS and ASHRM, Plaintiff alleges two causes of action: (1) violation of Section 8(b)(4) of the National Labor Relations Act ("NLRA") and (2) defamation.[6]

In the course of discovery, Plaintiff served deposition notices on Defendants, including a list of Rule 30(b)(6) topics, to which Defendants objected.[7] On October 25, 2019, the parties met and conferred telephonically but were unable to reach agreement on the scope of the depositions.[8] As such, the parties agreed to postpone the depositions pending resolution of their dispute by the Court.[9] On November 1, 2019, Defendants moved to limit the scope of the pending depositions (or for a protective order) and for discovery sanctions.[10] At issue are two Rule 30(b)(6) depositions, as well as eight individual depositions.[11]

---

[5] Docket 52 at 5–7, ¶¶ 22–32.

[6] Docket 52 at 1, 7–8.

[7] Docket 57 at 6–7.

[8] Docket 57 at 7; Docket 64 at 11.

[9] Docket 57 at 7–8; Docket 64 at 11.

[10] Docket 57.

[11] Docket 57 at 8.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 3 of 12

Plaintiff's Rule 30(b)(6) deposition notice identifies eighteen topics that encompass, among other things, Defendants' boycotting of Plaintiff beyond their efforts directed at the VCS and ASHRM conferences (Topic Nos. 1–17), Defendants' boycotting of entities other than Plaintiff (Topic No. 18), and the amount of time and money spent on Defendants' boycotting of Plaintiff (Topic Nos. 11–12).[12] Defendants seek an order limiting the scope of all the depositions to Defendants' boycotting activities "directed at VCS and SHRM from 2017 onward" and preventing any questioning about "boycott activities aimed at third parties" or "time and money spent by Defendants on boycott activities."[13]

## DISCUSSION

The Court evaluates Defendants' motion under Fed. R. Civ. P. 26(b), which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The parties dispute (1) whether Defendants' boycotting activities other than those directed at the VCS and ASHRM conferences are discoverable, (2) whether

---

[12] Docket 57 at 22–27.

[13] Docket 57 at 20.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 4 of 12

the time or money Defendants spent on boycotting of Plaintiff is discoverable, and (3) whether sanctions are warranted. The Court addresses each issue in turn.

### 1. Defendants' additional boycotting activities

Defendants maintain that discovery relating to their boycotting activities beyond those directed at the VCS and ASHRM conferences is irrelevant to either of Plaintiff's causes of action and, moreover, is disproportionate to the needs of the case given the low amount in controversy.[14]

On the question of relevance, Defendants contend that the analysis for Plaintiff's cause of action under Section 8(b)(4) of the NLRA centers on "whether the union has strayed beyond First Amendment-protected communication intended to persuade people to cease doing business with the primary employer into non-protected conduct, analogous to secondary picketing."[15] Defendants add that Plaintiff's second cause of action, defamation, arises from allegations that Defendants "defamed [Plaintiff] to VCS and its members by falsely representing that the VCS 2018 mid-year conference was cancelled."[16] Thus, Defendants reason that "both of [Plaintiff's] causes of actions revolve solely around the content and manner of communications that [Defendants] made to *specific* third party

---

[14] Docket 57 at 10–16.

[15] Docket 57 at 10.

[16] Docket 57 at 10.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 5 of 12

entities" as alleged in the FAC (the VCS and ASHRM), and that Defendants other activities therefore do not bear on the issues in this case.[17] Defendants reject Plaintiff's justification "that [the proposed discovery] would establish a 'baseline' of legal conduct against which to compare [Defendants'] allegedly unlawful conduct," emphasizing that the law—and not Defendants' baseline of conduct—governs whether Defendants' conduct at issue here is unlawful.[18] Additionally, Defendants emphasize that "lawful boycotting activities during a labor dispute are fully protected by the First Amendment" and that a court "should not permit the discovery process to be misused to chill the exercise of such fundamental rights," especially where the discovery has limited relevance.[19]

On the question of proportionality, Defendants contend that the amount in controversy is low by either party's estimate—Defendants put the amount between zero and $10,000 and Plaintiff estimates $58,000 in damages.[20] In contrast, Defendants contend that preparing a corporate witness on the noticed topics, including on all of Defendants' boycotting activities against Plaintiff (at any time) or against other entities (dating back to 2014) would require "countless hours."[21]

---

[17] Docket 57 at 11 (emphasis in original).

[18] Docket 57 at 13.

[19] Docket 57 at 13–14.

[20] Docket 57 at 14; Docket 67 at 12.

[21] Docket 57 at 14–16. For example, Defendants contend that they have a "boycott list identifying over 40 hotel properties in the United States and Canada that it or its affiliates

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 6 of 12

For its part, Plaintiff contends that Defendants' other boycotting activities are relevant because "[c]omparing such other activity will likely shed additional light on whether the Defendants' conduct was reasonable and lawful or crossed the line," and will "help a fact finder evaluate whether the Defendants' conduct was intentional or inadvertent."[22] Moreover, Plaintiff emphasizes that it might "seek leave to amend its complaint" in which case "discovery into more than just the VCS and SHRM conferences will undeniably be relevant."[23] Plaintiff reasons that the information is "within the personal knowledge" of the proposed deponents, and that there is no showing that the deposition discovery presents an undue burden.[24] Plaintiff adds that, other than the two Rule 30(b)(6) depositions, the remaining depositions are fact depositions limited to the individual's personal knowledge and will therefore require limited preparation.[25]

---

are currently asking customers not to patronize, and this does not account for boycott actions since 2014 that are no longer active." Docket 57 at 16.

[22] Docket 64 at 7–8. In their reply to Plaintiff's opposition, Defendants assure Plaintiff that their conduct was intentional: "[Defendants] are happy to announce that the fact is not in dispute. [Defendants] *intended* to promote a boycott of [Plaintiff]." Docket 67 at 8 (emphasis in original).

[23] Docket 64 at 5, n. 5.

[24] Docket 64 at 8–9. Plaintiff notes that Daniel Glasser and Audrey Saylor are key players in the "boycotting team" and represents, on information and belief, that "both of these witnesses have the personal knowledge necessary to provide testimony on all 18 of the topics." Docket 64 at 9.

[25] Docket 64 at 10.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 7 of 12

The Court finds that Defendants' other boycotting activities—whether of Plaintiff or of other entities—have little, if any, relevance to the issues in dispute. Plaintiff's allegations against Defendants are intimately tied to the two conferences described in the FAC and Plaintiff has failed to articulate a reasonable basis for relevance for the proposed discovery of Defendants' other boycotting activities. Furthermore, Plaintiff has not cited any authority for its contention that Defendants' baseline of activities is relevant to Plaintiff's claims and the Court will not find relevance based on the possibility of a future amended complaint. Particularly where, as here, there are important First Amendment association interests at stake, the Court will not risk chilling those rights by allowing unlimited exploration into Defendants' unrelated boycotting activities.[26]

Moreover, even assuming that Defendants' other boycotting activities could prove relevant, the sought-after discovery is not proportional to the needs of the case. Given the amount in controversy, which apparently falls somewhere between zero and $58,000, and the breadth of the topics noticed by Plaintiff, the burden and expense of the proposed discovery outweighs its likely benefit.

---

[26] *See Perry v. Schwarzenegger*, 591 F.3d 1126, 1132 (9th Cir. 2010) ("The freedom to associate with others for the common advancement of political beliefs and ideas lies at the heart of the First Amendment. Where, as here, discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must demonstrate a need for the information sufficient to outweigh the impact on those rights.").

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 8 of 12

In light of the foregoing, the Court will grant Defendants' motion for an order limiting the scope of questioning in Plaintiff's depositions of corporate and individual witnesses to Defendants' boycotting activities of Plaintiff directed at the VCS and ASHRM conferences.

### 2. Defendants' time and resources

With respect to Plaintiff's Rule 30(b)(6) Topic Nos. 11 and 12, Defendants contend that "[n]either the Section 8(b)(4) claim nor the defamation claim require any analysis as to how a labor organization may have funded or executed allegedly unlawful secondary activity or allegedly defamatory communications."[27] Defendants maintain that these "intrusive inquiries" tread on their constitutionally-protected interests "with absolutely no legitimate connection to the litigation."[28]

In light of the Court's order, *supra*, limiting the scope of questioning to Defendants' boycotting activities of Plaintiff relating to the VCS and ASHRM conferences, the remaining issue is whether Plaintiff may question Defendants about the time and/or resources spent on those two boycotts.

Defendants' boycotting of the VCS and ASHRM conferences at the Anchorage Hilton is at the heart of the parties' dispute, and the time and resources spent on those boycotts is relevant information. Defendants have not explained

---

[27] Docket 57 at 12.

[28] Docket 57 at 12.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 9 of 12

why this line of questioning is "unduly intrusive" and have not shown that the proposed discovery is unduly burdensome or expensive. Thus, the Court will allow questioning on Topic Nos. 11 and 12 insofar as it is limited to Defendants' boycott of Plaintiff directed at the VCS and ASHRM.[29]

### 3. Sanctions

Finally, Defendants contend that the Court should sanction Plaintiff for "propounding clearly irrelevant and unduly burdensome discovery" and forcing Defendants to seek judicial intervention.[30] They maintain that the proposed discovery was "facially irrelevant to the claims and defenses at issue," "unduly burdensome because they require responses relating to boycotts of several dozen hotel properties across the country that which [sic] bear no relation to" Plaintiff, and "propounded for the improper purpose of chilling [Defendants'] exercise of constitutionally protected rights and for gaining an advantage in the labor dispute between the parties."[31]

---

[29] The Court is cognizant that Defendants may not be able to precisely parse the time and money spent on those boycotting activities as distinct from other boycotting activities; Defendants need only prepare their witnesses according to Defendants' regularly maintained business records.

[30] Docket 57 at 18.

[31] Docket 57 at 19.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 10 of 12

Plaintiff disagrees, and insists that the sought-after discovery is relevant to its claims, and not unduly burdensome.[32] Plaintiff adds that Defendants have sought their fair share of discovery, including multiple depositions, and four sets of written discovery.[33] Moreover, Plaintiff notes that it has not behaved in a sanctionable manner; it met and conferred with Defendants and agreed to postpone the depositions pending resolution of the parties' disagreement.[34] Plaintiff concludes that it should receive sanctions "for having to defend against the Defendants' present unwarranted, premature and frivolous motion."[35]

The Court finds that with respect to this particular discovery dispute, the parties disagreed in good faith, and attempted to resolve their dispute without court intervention. Therefore, the Court will not award sanctions to either party.

## CONCLUSION

In light of the foregoing, Defendants' Motion for an Order Limiting the Scope of Pending Depositions or, in the Alternative, For a Protective Order, and for Discovery Sanctions is GRANTED in part and DENIED in part.

The Court orders as follows:

1. Plaintiff shall restrict its questioning of corporate or individual deponents

---

[32] Docket 64 at 11–12.

[33] Docket 64 at 12.

[34] Docket 64 at 11.

[35] Docket 64 at 12.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 11 of 12

on Topic Nos. 1–17 solely to Defendants' boycotting activities of Plaintiff directed at the VCS and ASHRM, and shall not engage in questioning about any of Defendants' boycotting activities aimed at Plaintiff, or any other entities, that may have taken place at other times or in other locations.[36]

2. Plaintiff shall restrict its questioning of corporate or individual deponents on Topic Nos. 11 and 12 solely to Defendants' boycotting activities directed at VCS and ASHRM.

DATED this 18th day of December, 2019, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[36] The Court will not limit Plaintiff's inquiry into Defendants' boycotting activities directed at the VCS and ASHRM conferences to "2017 onward," as requested by Defendants. To the extent there were any activities directed at VCS or ASHRM regarding Plaintiff prior to 2017, those would be discoverable.

Case No. 3:18-cv-00071-SLG, *CP Anchorage Hotel 2 v. United Here! Local 878, et al.*
Order re Motion for an Order Limiting the Scope of Pending Depositions
Page 12 of 12