IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CP ANCHORAGE HOTEL 2, LLC d/b/a ANCHORAGE HILTON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITE HERE! LOCAL 878, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-00071-JMK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR REVIEW OF TAXATION OF COSTS** |

Before the Court is Plaintiff's Motion for Review of the Clerk's Taxation of Costs (the "Motion").[1] The Motion was timely filed[2] within seven days of the Clerk's notice of taxation of costs.[3] Defendants filed a response in opposition,[4] to which Plaintiff filed a reply.[5] For the reasons discussed below, the Motion is **GRANTED IN PART and DENIED IN PART.** The Clerk's taxation of costs is **REVISED** consistent with this Order.

---

[1] Docket 176.
[2] *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action"); *see also* D. Alaska Loc. Civ. R. 54.1(d) ("A party disagreeing with the Clerk's decision must file a motion seeking review by the court within 7 days of the decision.").
[3] Docket 175.
[4] Docket 179.
[5] Docket 181.

# I. BACKGROUND

On September 3, 2021, the Court granted summary judgment in Defendants' favor.[6] On September 15, 2021, the Court entered judgment for Defendants, dismissing the action on the merits.[7] On September 17, 2021, Defendants timely submitted a bill of costs in the amount of $33,176.12, using standard Form AO 133.[8] Defendants failed to attach a supporting affidavit, as required by 28 U.S.C. § 1924.[9] On September 24, 2021, Plaintiff timely objected to the bill of costs.[10] On September 29, 2021, Defendant filed an amended bill of costs, along with supporting documentation.[11] On November 8, 2021, Plaintiff filed an unopposed Motion for Leave to Accept Late-Filed Objections to Defendants' Amended Bill of Costs, which the Court granted.[12] Thereafter, Plaintiff filed its objections to the amended bill of costs,[13] and Defendants filed a response.[14]

On November 16, 2021, after reviewing both parties' filings, the Clerk issued its notice taxing costs, in the amount of $31,812.40, against Plaintiff.[15] The Clerk approved the following costs in their entirety: $1,278.83 in fees for service of summons and subpoena; $28,280.23 in fees for printed or electronically recorded transcripts

---

[6] Docket 159.
[7] Docket 160.
[8] Docket 161.
[9] 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.").
[10] Docket 162.
[11] Docket 164.
[12] Docket 171; Docket 172.
[13] Docket 173.
[14] Docket 174.
[15] Docket 175.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 2
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 2 of 20

(depositions/videos prepared) necessarily obtained for use in the case; $670.34 in fees for witnesses and mileage allowance; and $644.30 in postage/delivery fees.[16] Regarding "[f]ees and disbursement for printing," however, the Clerk found that a "$.20 cents per page [copying fee] is above the allowable rate of $.10 cents per page," and, accordingly, approved only $938.70 of the $1,877.48 requested by Defendants.[17] The Clerk explicitly "took no stance on [Plaintiff's] objections regarding excessive process server fees.[18] The Clerk also took no stance on Plaintiff's "objections regarding excessive or unreasonably necessary fees" for printed or electronically recorded transcripts, but "did find that no transcripts were ordered from any court hearing/trial, where the costs would not be recoverable without a court order."[19]

In the present Motion, Plaintiff objects to the "Clerk's Taxation of Costs and the Defendants' underlying Amended Bill of Costs" on the grounds that they include costs that are not considered "taxable costs" under Federal Rule of Civil Procedure 54, D. Alaska Loc. Civ. R. 54.1, and/or 28 U.S.C. § 1920.[20] Plaintiff further requests that the Court "exercise its discretion and . . . adjust any costs deemed taxable by at least 25% to address the attorneys' fees and costs Plaintiff has incurred to raise legitimate objections to the costs sought and taxed."[21]

---

[16] *Id.* at 1–2.
[17] *Id.* at 1.
[18] *Id.*
[19] *Id.*
[20] Docket 176 at 2–4.
[21] *Id.* at 4.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 3
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 3 of 20

## II. LEGAL STANDARD

Per Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The type of costs that can be awarded to a prevailing party under Fed. R. Civ. P. 54(d) is outlined by 28 U.S.C. § 1920, and further detailed by D. Alaska Loc. Civ. R. 54.1(e).[22] Under 28 U.S.C. § 1920, Congress identified six categories of costs that a "judge or clerk of any court of the United States may tax" against the non-prevailing party in a civil manner:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

D. Alaska Loc. Civ. R. 54.1(e), in turn, provides a list of taxable costs that details and clarifies the allowable costs under 28 U.S.C. § 1920:

---

[22] *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 572–73 (2012) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)) (noting that the discretion granted to courts under Fed. R. Civ. P. 54(d) is not "a power to evade" the specific and narrow categories of costs set forth by Congress under 28 U.S.C. § 1920).

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 4
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 4 of 20

(1) marshal fees, *see* 28 U.S.C. § 1921 and other reasonable service of process fees;

(2) transcripts when prepared pursuant to stipulation or order;

(3) reasonable deposition costs, including transcript and interpreter's fee;

(4) non-party witness fees, mileage, and subsistence, including parties subpoenaed by adverse parties; *see* 28 U.S.C. § 1821;

(5) interpreter fees;

(6) reasonable cost of copying and exhibit preparation, excluding demonstrative exhibits;

(7) docket fees; *see* 28 U.S.C. § 1923;

(8) fees for masters, receivers, and commissioners ordered by the court;

(9) state court filing fees for removal jurisdiction actions;

(10) postage; and

(11) other costs specifically required by court order.

Although the costs allowable under Fed. R. Civ. P. 54 is constrained by the categories set by 28 U.S.C. § 1920, "the rule creates a presumption in favor of awarding costs to a prevailing party."[23] It falls to the non-prevailing party to "show why costs should not be awarded."[24] Accordingly, when a district court opts to award costs to the prevailing

---

[23] *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educs. v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).

[24] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 5

Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 5 of 20

party, it "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs."[25]

Despite the presumption in favor of awarding costs, Fed. R. Civ. P. 54(d)(1) also "vests in the district court discretion to refuse to award costs."[26] Such discretion "is not without limits," however.[27] The court must "specify reasons" for refusing to award costs.[28] The "requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."[29] "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the [losing party's] limited financial resources, and (5) the economic disparity between the parties."[30] Additional reasons include "misconduct on the part of the prevailing party . . . [and] the merit of the plaintiff's case, even if the plaintiff loses."[31]

---

[25] *Id.* at 945.
[26] *Escriba*, 743 F.3d at 1247 (quoting *Ass'n of Mexican-American Educs.*, 231 F.3d at 591)).
[27] *Id.*
[28] *Id.*
[29] *Ass'n of Mexican-American Educs.*, 231 F.3d at 593.
[30] *Escriba*, 743 F.3d at 1247–49.
[31] *Save Our Valley*, 335 F.3d at 945 (internal citations omitted).

*Anchorage Hilton v. Unite Here! Local 878*      Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs      Page 6
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 6 of 20

## III. DISCUSSION

### A. Fees for Service of Summons and Subpoena

Plaintiff asserts that "Defendants seek $1,278.83 in subpoena service fees but have not shown that such costs are 'reasonable' as required by D. Alaska Loc. Civ. R. 54.1(e)(1)."[32] However, the burden to show unreasonableness lies with Plaintiff.[33] As such, Defendants are not required to "confirm that the service fees sought were reasonable for the applicable legal market" or present evidence that "service of process could not have be [*sic*] completed by more cost efficient means."[34] As Plaintiffs have not otherwise provided this Court with any basis for concluding that service of process fees ranging from $84 to $123 per witness are unreasonable or excessive, these fees are APPROVED.

Plaintiff also asserts that the costs requested by Defendants are inaccurate, namely, the $30.27 inconsistency in Defendants' itemization of fees for service of subpoenas by Alaska Court Services.[35] Defendants have clarified that the un-itemized $30.27 was a credit card transaction fee that was billed to the client.[36] Plaintiffs did not object or respond to Defendants' justification for including the transaction fee; as such, this Court concludes that Plaintiff accepts Defendants' explanation. Further, the Court finds

---

[32] Docket 176 at 4–5.
[33] *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) ("[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded.").
[34] Docket 176 at 5. The Court notes that Defendants adjusted the bill of costs to omit any fees for expediting service, and, to the extent possible, counsel attempted to contact witnesses to appear for depositions without formal service. Docket 164-1 at 8–9; Docket 174 at 2.
[35] Docket 176 at 5 (Plaintiff notes that Defendants claim $645.27 in costs for service of subpoenas by Alaska Court Services, but the "itemized explanation shows six $102.50 charges for six different witnesses, which adds up to only $615.").
[36] Docket 180 at 3–4.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 7
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 7 of 20

this fee reasonable, as it appears to have been automatically levied by Alaska Court Services at the time of payment.[37] The costs associated with subpoena service are APPROVED.

**B. Deposition Costs**

The Clerk taxed $28,280.23 for deposition and transcript costs related to depositions of representatives for Plaintiff Anchorage Hilton (Steve Rader, Katherine Sprout, Steven Davis), Defendants (Rachel Meledez and Audrey Saylor), the Veterinary Cancer Society ("VCS") (Sandra Strother), the Alaska State SHRM Council ("AK SHRM") (Ben Krisher), and the Anchorage Downtown Marriott (Ryan Akkaya) under Fed. R. Civ. P. 30(b)(6).[38] Plaintiff argues that the costs should be reduced because (1) they include costs other than transcript and interpreter's fees; (2) they represent duplicative paper and video deposition costs; and (3) the full depositions were not reasonably necessary to the adjudication of the case.[39]

**(1) D. Alaska Loc. Civ. R. 54.1(e)(3) does not limit reasonable deposition costs to transcript and interpreter's fees**

Plaintiff asserts that "[a]ny . . . costs claimed by Defendants for the depositions that are not specifically 'fees for the printed or electronically recorded transcripts,' such as witness fees, storage fees, or hourly court reporter fees, must be disallowed."[40] This in an incorrect statement of the law. D. Alaska Loc. Civ. R. 54.1(e)(3) *includes* but does not *limit* "reasonable deposition costs" to "transcript and interpreter's

---

[37] *Id.* at 4.
[38] Docket 175 at 1; Docket 164 at 4–5.
[39] Docket 176 at 5–11.
[40] *Id.* at 6 (quoting 28 U.S.C. § 1920(2)).

*Anchorage Hilton v. Unite Here! Local 878*                                                                Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs                   Page 8
Case 3:18-cv-00071-JMK    Document 182    Filed 03/22/22    Page 8 of 20

fee[s]." Reasonable depositions costs thus implicitly include more than transcript and interpreter fees.[41] Additionally, D. Alaska Loc. Civ. R. 54.1(e)(4) allows "non-party witness fees, mileage, and subsistence, including parties subpoenaed by adverse parties; *see* 28 U.S.C. § 1821," and 28 U.S.C. § 1920(3) provides for "fees and disbursements for printing and witnesses." The Court addresses witness fees in Part D, *infra*. Beyond witness fees, it is unclear which specific costs Plaintiff is challenging: the Clerk taxed $28,280.23 for "printed or electronically recorded transcript[]" fees and $670.34 for "fees for witnesses and mileage allowance."[42] To the extent that Plaintiff challenges the taxation of deposition costs besides "fees for the printed or electronically recorded transcripts," the Court finds this to be an inappropriate reading of 28 U.S.C. § 1920, and that "transcript fees" include those fees necessary for obtaining the transcript. Those costs are APPROVED.

2.  **Defendants may recover the costs of both printed and electronically recorded transcripts of depositions when necessarily obtained for use in the case**

Plaintiff then asserts that "Defendants are statutorily authorized [by 28 U.S.C. § 1920] to recover the cost of an original transcript or the cost of a videotape [of depositions], but not the cost of both."[43] Consequently, because Defendants seek to recover both written transcript and video costs, Plaintiff argue that the $28,280.23 in deposition costs should be reduced by the $10,625 ascribed to video or video-related services and storage.[44] The Court disagrees with Plaintiff's reading of 28 U.S.C. § 1920.

---

[41] *See* D. Alaska Loc. Civ. R. 54.1(e)(3).
[42] Docket 175 at 1–2.
[43] Docket 176 at 6.
[44] *Id.*

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 9
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 9 of 20

As a preliminary matter, it appears that neither the Ninth Circuit, nor any court in this District, has taken up the question of whether, or in what circumstances, a prevailing party may recover the costs of both video and written transcripts of depositions under 28 U.S.C. § 1920(2). This Court, accordingly, begins by examining the plain language of 28 U.S.C. § 1920(2), which states that a court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Based upon the Court's reading, 28 U.S.C. § 1920(2) neither guarantees nor precludes a prevailing party's recovery of costs for both "printed" *and* "electronically recorded" transcripts. The "or" in "fees for printed *or* electronically recorded transcripts" (emphasis added) indicates that printed transcripts and electronically recorded transcripts fall under the same fee category, not that a court must choose one or the other.[45] The statutory language thus neither permits, nor forbids, taxation of both costs for the same deposition. The threshold requirement for taxing print, electronic, or both print and electronic transcripts is whether they were "necessarily obtained for use in the case."[46]

Persuasive authority supports this reading. District courts in the Ninth Circuit have awarded costs for both videotape and written transcripts of "important witness deposition where the witness may not be compelled to appear at trial."[47] Courts also have

---

[45] The Court notes that, while Plaintiff states that "under 28 U.S.C. § 1920(2), *only* the '[f]ees for printed *or* electronically recorded transcripts' are taxable costs," § 1920 itself does not include the word "only" or any other limiting language. Docket 176 at 5 (emphasis added by Plaintiff).
[46] 28 U.S.C. § 1920(2).
[47] *Genuine Enabling Tech. LLC. v. Nintendo Co.*, No. C19-00351-RSM, 2021 WL 211536, at *3 (W.D. Wash. Jan. 21, 2021); *see also Glob. Enters., LLC v. Montgomery Purdue Blankinship & Austin PLLC*, No. C13-1662 TSZ, 2014 WL 12899284, at *2 (W.D. Wash. Dec. 11, 2014) (allowing costs for video and transcript of deposition of out-of-state witnesses).

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 10
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 10 of 20

allowed costs for written transcription, but disallowed costs for videotaping, where a "plaintiff was available for trial and use of a videotape was unlikely."[48] Courts also have allowed costs for video transcription, in addition to written transcription, upon a more general showing that they were "necessarily obtained for use in the case."[49] Additionally, other courts have held that, where parties have agreed to the manner in which depositions will be conducted, costs should be awarded consistent with the manner agreed.[50]

Accordingly, the Court will tax video-related deposition costs if the video recordings were "necessarily obtained for use in the case." With respect to the depositions of Sandra Strother, Ben Krisher, and Steve Rader—who reside in Missouri, Colorado, and Hawaii, respectively—Defendant argues that video recordings were necessary "in order to preserve testimony for trial in light of the clear likelihood they could not compel the appearance of witnesses across the country."[51] Per Defendants,

> Strother, Krisher, and Rader were all outside the subpoena power of the Court, and Defendants were unaware whom the Marriott Downtown Anchorage might appoint as its Rule 30(b)(6) representative. While Defendants might have

---

[48] *Bichindaritz v. Univ. of Wash.*, No. C10-1371RSL, 2012 WL 3079092, at *1 (W.D. Wash. July 27, 2012).

[49] *Doe v. Cargol*, No. CV 03-248-PHX-SMM, 2006 WL 8440659, at *4 (D. Ariz. Dec. 12, 2006) ("Because Plaintiff has demonstrated that both the stenographic transcript and videotape of Dr. Cargol's deposition were 'necessarily obtained for use in the case,' the Court concludes that the costs of videotaping Dr. Cargol's deposition are taxable under § 1920(2).").

[50] *Genuine Enabling Tech. LLC. v. Nintendo Co.*, No. C19-00351-RSM, 2021 WL 211536, at *4 (W.D. Wash. Jan. 21, 2021) (allowing costs for videotaping depositions where the non-prevailing party made no objection because it is "the usual and customary practice of the Court to award costs for conducting depositions in the matter agreed to by the parties"); *Glob. Enters.,* 2014 WL 12899284, at *3 (considering, in part, agreement of the parties when allowing costs for both video and transcript depositions); *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").

[51] Docket 179 at 10–11.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 11
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 11 of 20

subpoenaed the organizations, they had no control over whether the entities would appoint the same Rule 30(b)(6) representative at trial, and they faced the realistic possibility of having to read transcript excerpts to the jury if they did not videotape the depositions.[52]

The Court acknowledges that Ms. Strother, Mr. Krisher, and Mr. Rader potentially are beyond the subpoena power of this Court and, as such, it was reasonable for Defendants to expect much of the evidentiary presentation at trial to be in the form of deposition testimony.[53] The Court also recognizes the value of video recordings compared to reading a deposition transcript aloud at trial.[54] This argument only applies, however, to the depositions of Ms. Strother, Mr. Krisher, and Mr. Rader.

Defendants do not explain nor justify the video recordings of the remaining representatives who did not reside out of state. Defendants taxed video-related costs for the depositions of Steven Davis (Anchorage Hilton), Katherine Sprout (Anchorage Hilton), and Ryan Akkaya (Marriott Anchorage Downtown Hotel), totaling $4,172.[55] Defendants have not asserted that these deponents reside outside of the Court's subpoena power, and

---

[52] *Id.*

[53] Fed. R. Civ. P. 45(c)(1) provides that a person may be subpoenaed "to attend a trial, hearing, or deposition only . . . (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

[54] *See Miller v. J-M Mfg. Co.,* CV-05-1499-ST, 2009 WL 10733259, at *3 (D. Or. June 22, 2009) (holding that video depositions of witnesses who were outside the jurisdiction of the court were "necessarily obtained for use in the case" in order to perpetuate their testimony for trial and are therefore recoverable).

[55] *See* Docket 164 at 4–5 (listing combined video deposition service fee for Steven Davis and Katherine Sprout as $1,889.25; video deposition service fee for Ryan Akkaya as $1,988.25); Docket 164-4 at 13 (including $140 video deposition "surcharge" in bill of costs' $3,000.05 "deposition/transcript fee" for Ryan Akkaya); Docket 164-4 at 9 (including $154.50 video deposition "surcharge" in bill of costs' $3,514.75 "deposition/transcript fee" for Steven Davis and Katherine Sprout). The Court notes that Plaintiff appears to confuse Steven Davis' deposition costs with those of Ryan Akkaya. *Compare* Docket 176 at 10 (listing Steven Davis video deposition service fees as $1,988.25) *with* Docket 164 at 5 (listing Ryan Akkaya video deposition service fees as $1,988.25).

*Anchorage Hilton v. Unite Here! Local 878*　　　　　　　　　　　　　　　　Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs　　　　　　　　　　　　　　　Page 12
Case 3:18-cv-00071-JMK　　Document 182　　Filed 03/22/22　　Page 12 of 20

the depositions were taken in Anchorage, Alaska.[56] While Defendants' briefing goes to great length to justify the video recordings of Ms. Strother, Mr. Krisher, and Mr. Rader, Defendants barely mention the video recordings of the other depositions.[57] At most, Defendants argue that any costs should be allowed due to Plaintiff's failure to object when noticed of the video recordings.[58] While there is some precedent to support such a test, as described above, this Court's reading of 28 U.S.C. § 1920 requires that video recordings are "necessarily obtained for use in the case" in order to be taxed. Defendants have not shown this to be the case.

Accordingly, Defendants' cost of video and video-related services for the depositions for Ms. Strother, Mr. Krisher, and Mr. Rader are APPROVED. The cost of video and video-related services for the depositions of Mr. Davis, Ms. Sprout, and Mr. Akkaya are not taxable costs under 28 U.S.C. § 1920. Those costs, totaling $4,172, are DENIED.

### 3. Plaintiff's request for a pro rata approach to determining taxable transcript costs is unsupported by legal precedent

Plaintiff makes the novel and unsupported argument that, for each deposition transcript, Defendants should recover only a percentage of the transcript cost that corresponds to the portion of the transcript Defendants referenced in their summary

---

[56] Docket 164-4 at 10 (listing location of Anchorage Hotel 30(b)(6) witness deposition as Anchorage, Alaska); Docket 164-1 at 12–13 (explaining that October 16 deposition of Steven Davis and Katherine Sprout was held in Anchorage, Alaska, and the November 13 portion for Stephen Rader was held in Seattle, Washington); Docket 164-4 at 14 (listing location of Columbia Properties 30(b)(6) witness deposition as Anchorage, Alaska); Docket 164-1 at 14 (Ryan Akkaya deposed in Anchorage, Alaska).
[57] *See, e.g.,* Docket 164-1 at 15–16.
[58] Docket 179 at 13.

*Anchorage Hilton v. Unite Here! Local 878*            Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs        Page 13
Case 3:18-cv-00071-JMK    Document 182    Filed 03/22/22    Page 13 of 20

judgment motion, even for the depositions of Plaintiff.[59] In support of its argument, Plaintiff explains that,

> It is well-established that the "cost of a deposition not used at trial may [only] be taxed if taking the deposition was reasonable as part of the pretrial preparation of the case, rather than for the convenience of counsel, or if the deposition was required for a dispositive motion."[24] In other words, "to be taxable, depositions must not be solely for discovery."[25]
>
> 24 *Miller v. J-M Mfg. Co., Inc.*, No. CV-05-1499-ST, 2009 WL 10733259, at *2 (D. Or. June 22, 2009); . . . .
>
> 25 *See Todd Shipyards Corp. v. Turbine Serv., Inc.*, 592 F Supp 380 (ED La 1984), aff'd in part and rev'd in part on other grounds, 763 F2d 745 (5th Cir. 1985); . . . .[60]

It is unclear to this Court, however, why Plaintiff believes the *Miller* and *Todd Shipyards* decisions support its position. Plaintiff seems to argue that the sparsity of Defendant's direct citations to the deposition transcripts proves that the depositions were not a reasonable part of pretrial preparations. Yet, the quoted text from *Miller* and *Todd Shipyards* does not endorse a citation-counting approach for determining whether a deposition was reasonable as part of pretrial preparation. *Miller* later explains that, for witnesses who did not testify at trial, "the necessity of the transcript must be determined in light of the facts known at the time the expense was incurred, without regard to intervening developments that may have later rendered the transcript unnecessary."[61] Because it was

---

[59] *See, e.g.,* Docket 176 at 9 ("[T]he remaining bill (of $1,960.20) is excessive in light of the fact that Defendants reference only snippets from the 326-page deposition transcript (they quote from 61 or 18% of the pages). The Defendants should not have been awarded more than 18% of $1,960.20 which translates to $352.84.").
[60] Docket 181 at 7.
[61] *Miller v. J-M Mfg. Co.,* No. CV-05-1499-ST, 2009 WL 10733259, at *3 (D. Or. June 22, 2009).

*Anchorage Hilton v. Unite Here! Local 878*     Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs     Page 14

Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 14 of 20

not a foregone conclusion that Defendants would prevail on summary judgment, the number of citations in a summary judgment motion has no bearing on whether the depositions were reasonably necessary *when the depositions were taken*. This is especially true given that deponents were identified by Plaintiff as potential trial witnesses. Plaintiff has cited to no case law adopting a pro rata approach to determining taxable transcript costs, whereas the Ninth Circuit has found documents to be "necessarily obtained for use in the case" even when they are not introduced into the record or otherwise cited as evidence.[62]

Due to the limits placed upon repeat depositions of witnesses by Fed. R. Civ. P. 30(a)(2)(A)(ii) and the Defendant's inability to know whether it would prevail on its summary judgment motion, it was reasonable for Defendants to question deponents about topics at issue in the summary judgment briefing and topics that would be at issue in a hypothetical trial.[63] In their supporting documents to the amended bill of costs, Defendants adequately explain the need and relevance of each deposition, including the reason for any multi-day depositions.[64] The witnesses were either Plaintiff's representatives or potential trial witnesses directly relevant to Plaintiff's theory of the case. Plaintiff's request for a

---

[62] *See, e.g., Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

[63] Per Fed. R. Civ. P. 30(a)(2)(A)(ii), a witness may only be deposed once, absent leave of the Court. The Court's decision whether to grant leave, in turn, is guided by Fed. R. Civ. P. 26(b)(2)(C), which provides that a "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

[64] Docket 164-1 at 9–17; Docket 174 at 3–7. Defendants also note that the depositions of Mr. Davis and Ms. Sprout were of little use to the summary judgment motion because "they knew *very little* (and in Davis' case, effectively *nothing*) about the matters set forth in the Rule 30(b)(6) deposition notice," and the parties agreed to reschedule the depositions at a time when Steve Rader could be available. Docket 179 at 18–19.
*Anchorage Hilton v. Unite Here! Local 878*  
Order Granting in Part Motion for Review of Taxation of Costs

Civil Case No. 3:18-cv-00071-JMK  
Page 15

Case 3:18-cv-00071-JMK    Document 182    Filed 03/22/22    Page 15 of 20

pro rata approach to determining taxable deposition transcript costs is denied, and taxable deposition costs are APPROVED in their full amount.

## C. Printing and Copying Fees

28 U.S.C. § 1920(4) permits taxation for the copies of papers "necessarily obtained for use in the case" and does not require that the documents be introduced into the record.[65] D. Alaska Loc. Civ. R. 54.1(e)(6) provides for the taxation of reasonable copying costs. The Clerk awarded Defendants $938.70 to reflect the allowable copying cost at $0.10 per page.[66]

Plaintiff argues that Defendants have not appropriately shown "the nature of the documents copied" or that "the costs were reasonably necessary."[67] Defendants argue that "[t]hese copying costs were for matters directly associated with the lawsuit: printing pleadings and discovery documents for study and review; producing chamber copies of filed documents; drafting motions and other pleadings, and other matters directly associated with litigating the case."[68] Defendants' counsel explains that "[o]ur firm's protocol for recording photocopying costs is to enter a client code when making copies or printing from a computer," and that these costs reflect the exact costs appearing on the monthly client invoice for this lawsuit.[69]

---

[65] *Haagen–Dazs Co.*, 920 F.2d at 588.
[66] Docket 175 at 1.
[67] Docket 176 at 11 (quoting *Kona Enters. v. Peters (Estate of Bishop)*, 1999 U.S. Dist. LEXIS 22854 (D. Haw. Jan. 5, 1999)).
[68] Docket 164-1 at 17.
[69] *Id.*; *see also* Docket 164-8.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 16
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 16 of 20

While Defendants have shown that these costs were incurred by their client and "associated" with the litigation, they have not shown that the costs were "necessarily obtained" for use in the case. "A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited."[70] For example, copies created to be produced in discovery are taxable, but copies that are made "solely for the convenience of counsel" should not be awarded.[71]

Here, Defendants printed documents "for study and review," use in "drafting motions and other pleadings," and "other matters."[72] Besides the printing of required chambers copies of filed documents, the remaining copies appear to be solely for the convenience of counsel. Further, Defendants have stated that *any* photocopying done during the litigation was included in the client's monthly invoice and therefore taxed.[73] Defendants have not supplied sufficient documentation for the Court to determine which costs were reasonable and necessary; they did not demonstrate the numbers of copies that were necessary for litigation and therefore recoverable.[74] Because the Court is unable determine whether the copies billed to the client were obtained for use in the case, the printing and copying costs are DENIED.

---

[70] *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 929 (9th Cir. 2015).
[71] *Id.* (holding that copies that were only "essential to the document production process that [a party] elected to employ" were not necessarily obtained for use in the case).
[72] Docket 164-1 at 17.
[73] *Id.* at 16–17.
[74] *See* Docket 164 at 5 (itemizing printing and copying costs as "copying costs billed to client").

*Anchorage Hilton v. Unite Here! Local 878*                                                   Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs                               Page 17
Case 3:18-cv-00071-JMK    Document 182    Filed 03/22/22    Page 17 of 20

However, the $11.94 copying cost of "VCS production of documents by Sandi Strother for July 9, 2019 VCS deposition"[75] was necessarily obtained for use in the case and therefore is APPROVED.

**D.    Non-Party Witness Fees**

D. Alaska Loc. Civ. R. 54.1(e)(4) allows for "non-party witness fees, mileage, and subsistence, including parties subpoenaed by adverse parties; *see* 28 U.S.C. § 1821." The Clerk approved $670.34 in fees for witnesses and mileage allowances.[76] Plaintiff challenges the non-party witness fees only by stating that "these itemized costs re duplicative of those discussed in Section II(a), *supra*. Plaintiff incorporates by reference its objection set forth in Section II(a) above."[77] Section II(a) of Plaintiff's brief discusses deposition costs and does not reference witness fees except to argue that "[a]ny . . . costs claimed by Defendants for the depositions that are not specifically 'fees for the printed or electronically recorded transcripts,' such as witness fees, storage fees, or hourly court reporter fees, must be disallowed."[78] As discussed, *supra*, witness fees are appropriately taxed under 28 U.S.C. § 1920 and the Local Rules. These costs are APPROVED.

---

[75] *See id.*; Docket 175.
[76] Docket 175 at 2; *see also* Docket 164 at 2.
[77] Docket 176 at 12.
[78] *Id.* at 6 (quoting 28 U.S.C. § 1920(2)). The Court notes that in Plaintiff's Objection to Defendants' Bill of Costs, Plaintiff also argues that 28 U.S.C. § 1821 limits witness fees to $40 per day, and anything in excess in not recoverable under 28 U.S.C. § 1920. Docket 173 at 4. The witness fees itemized in Defendants' Bill of Cost show values over $40. Docket 164 at 2. However, as Defendant has explained, each itemized "witness fee" includes the statutory $40 for the appearance, plus a small mileage allowance per D. Alaska Loc. Civ. R. 54.1(e). Docket 174 at 2.

*Anchorage Hilton v. Unite Here! Local 878*                                    Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs                                    Page 18

Case 3:18-cv-00071-JMK    Document 182    Filed 03/22/22    Page 18 of 20

**E. Postage Fees**

D. Alaska Loc. Civ. R. 54.1(e)(10) allows recovery of postage by the prevailing party. Plaintiffs object to Defendants' claim for postage because "Defendants have not established that these postage costs—particularly the more expensive delivery services such as UPS delivery—were reasonably necessary or reasonable."[79] In Defendants' Amended Bill of Costs, counsel provides a detailed basis for the postage costs, including "UPS delivery of chambers copies of document to the Court, UPS delivery of deposition exhibits to court reporter, and UPS delivery of deposition preparation material to party witnesses."[80] Plaintiff used certified mail to send correspondence to several third-party witnesses whom Plaintiff had identified; "the letters sought cooperation in order to avoid the potential need for deposition."[81] The Court finds Defendants explanation of their postage fees to be reasonable and necessary for the case. Defendants are not required to use the United States Postal Service or to abstain from sending Certified Mail during litigation. The costs are APPROVED.

**F. Plaintiff's Request for a 25 Percent Reduction in all Validly Taxable Costs**

Plaintiff requests "adjust any costs deemed taxable by at least 25% to address the attorneys' fees and costs Plaintiff has incurred to raise legitimate objections to the costs sought and taxed."[82] Plaintiff states that it has been caused to incur "more than more than 15 hours of unnecessary fees and costs that it should not have incurred had Defendants

---

[79] Docket 176 at 12.
[80] Docket 164-1 at 18.
[81] *Id*.
[82] Docket 176 at 4.

*Anchorage Hilton v. Unite Here! Local 878*  Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs  Page 19
Case 3:18-cv-00071-JMK   Document 182   Filed 03/22/22   Page 19 of 20

only sought costs taxable under applicable law," yet makes no attempt to quantify the monetary costs of the referenced "fees and costs."[83] Furthermore, this presupposes the costs at issue are not taxable. Given that the vast majority of costs are upheld, a 25 percent penalty is unjustified. But even assuming, *arguendo*, that most Defendants costs were not taxable, a blanket reduction in the valid costs is not an appropriate or proportionate cure. Were courts to impose blanket reductions on validly taxable costs any time a party submitted a cost that ultimately was determined to be not taxable, that clearly would have a chilling effect upon future requests for costs. This request is, accordingly, denied. Any taxable costs are APPROVED in their full amount.

## IV. CONCLUSION

For the above reasons, the Motion is **GRANTED IN PART and DENIED IN PART** in accordance with this Order. The Clerk's Notice at Docket 175 is **REVISED** as follows: (1) Defendants' deposition costs are reduced by $4,172 to exclude video and video-related services for the depositions of Mr. Davis, Ms. Sprout, and Mr. Akkaya; (2) Defendants' printing and copying costs are reduced by $926.76 to exclude the copying costs billed to client, which does not include the copying costs of VCS production of documents. All other costs are approved and upheld.

**IT IS SO ORDERED** this 22nd day of March, 2022, at Anchorage, Alaska.

                                        */s/ Joshua M. Kindred*
                                        JOSHUA M. KINDRED
                                        United States District Judge

---

[83] Docket 177 at 2.

*Anchorage Hilton v. Unite Here! Local 878*     Civil Case No. 3:18-cv-00071-JMK
Order Granting in Part Motion for Review of Taxation of Costs     Page 20
Case 3:18-cv-00071-JMK Document 182 Filed 03/22/22 Page 20 of 20